COMMONWEALTH *vs.* CHARLES FLEMING. No. 93-P-1620. September 22, 1994. *Search and Seizure,* Probable cause, Threshold police inquiry. *Probable Cause. Controlled Substances. Constitutional Law,* Search and seizure, Probable cause.

This appeal from a conviction of drug trafficking focuses generally on whether the defendant's motion to suppress evidence properly was denied and particularly on whether the basis of knowledge prong of the *Aguilar-Spinelli* standard was met (satisfaction of the veracity prong is conceded). See *Aguilar* v. *Texas,* 378 U.S. 108 (1964); *Spinelli* v. *United States,* 393 U.S. 410 (1969). We take our facts from the uncontested findings of the motion judge.

At approximately noon on February 8, 1991, State Police Officer Steven Matthews was told by a confidential informant that he expected to receive a multi-ounce delivery of cocaine between 2 and 2:30 P.M., that day, near the subway station in Central Square, Cambridge. He said the person making the delivery would be an approximately six-foot tall, black, transsexual male with a thin build, weighing about 150 pounds, who was known as "Cicely." The informant stated that Cicely currently was having breast implants and wore male and female clothing at different times. He described Cicely's hair as being pulled back in a bun.

In the course of a surveillance conducted at around 2 P.M. that day at Central Square, Matthews observed the defendant standing near the subway station, carrying a small shopping bag and wearing ordinary blue jeans and a heavy winter jacket. The defendant, who was looking up and down the street, fit the general physical description supplied by the informant and wore a hairstyle consistent with that previously described by him. Matthews approached and inquired as to whether the defendant was Cicely. The defendant responded, "Yes . . . why?" Due to the heavy winter jacket, Matthews was unable to confirm the breast implant information.

When Matthews asked what was in the shopping bag carried by the defendant, the response was, "I don't know, its not my bag." At that point the defendant held the shopping bag out to Matthews who, upon inspec-

tion, found that it contained several packages of cocaine. The defendant was then arrested and the drugs seized.[1]

"As frequently occurs in search and seizure cases, we are dealing here with line-drawing of a difficult nature." *Commonwealth* v. *Borges*, 395 Mass. 788, 797 (1985)(Hennessey, C.J., concurring). The motion judge concluded that although the informant "provided no details regarding the defendant's alleged criminal behavior . . . [t]he detailed information the [informant] gave regarding the appearance of the defendant, the precision of the information regarding the time and place of the buy, along with the limited but significant police corroboration . . ., combine to satisfy the basis of knowledge test." Were we to rely solely on the detail of the tip and its corroboration, we would be constrained to disagree with the motion judge on the authority of *Commonwealth* v. *Brown*, 31 Mass. App. Ct. 574 (1991). In that case, this court found that the facts did not compare favorably with those in the benchmark case of *Draper* v. *United States*, 358 U.S. 307 (1959). In *Brown*, the extent of police-corroborated detail exceeded that involved in this case. There, "the informant gave the defendant's name and accurately described the defendant's physical appearance and his approximate age, his mode of travel and time and place of arrival." *Commonwealth* v. *Brown*, *supra* at 578. Significantly, however, the court noted that "[t]he informant gave no indication of his source of knowledge as to these details." *Ibid.* See also *Commonwealth* v. *Avalo*, *ante* 904, 907 (1994).

This case is distinguishable from *Brown*, albeit narrowly, by the fact that the informant told Matthews that he was the intended buyer of the cocaine to be delivered by the defendant. Although, as the motion judge found, the informant provided no details of criminal activity on the part of the defendant, it reasonably may be inferred that the informant was acting upon substantially more than "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli* v. *United States*, 393 U.S. at 416. First-hand and direct knowledge of the impending drug transaction was, to a considerable extent, implicit in the informant's claim of involvement. See *Commonwealth* v. *Rivera*, 29 Mass. App. Ct. 290, 293 (1990). Such an inference, while not necessary, reasonably may have been drawn as the type of practical probability called for in probable cause analysis. See *Commonwealth* v. *Cast*, 407 Mass. 891, 895-896 (1990). The details provided by the inform-

---

[1]The motion judge rejected the Commonwealth's contention that the encounter between the police and the defendant was neither a stop nor a seizure, and the Commonwealth has not raised the issue before us. The record does not indicate whether the Commonwealth relied on the defendant's consent as the basis for a valid warrantless search. Since the judge made no findings as to factors relating to voluntariness, see *Commonwealth* v. *Cantalupo*, 380 Mass. 173, 177-178 (1980), we are unable to address that issue. Thus, the case comes to us as a "*Terry* type" stop followed by a warrantless search.

ant, buttressed by an inference of personal knowledge and police corroboration, particularly of the name Cicely, sufficiently establish the requisite probable cause to arrest and search. The motion to suppress properly was denied.

*Judgment affirmed.*

*Carlo Obligato*, Committee for Public Counsel Services, for the defendant.

*Lawrence P. Ferazani, Jr.* (*Daniel A. Less*, Assistant District Attorney, with him) for the Commonwealth.